**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| RIVER WALK BEST LIVING LLC, a Delaware limited liability company, | ) | |
| Plaintiff, | ) | Case No. |
| v. | ) | Removed from District Court of Sedgwick County, Kansas |
| YSA INVESTMENTS I, LLC, a Delaware limited liability company, | ) | Case No.: SG-2026-CV-001216 |
| Defendant. | ) | |

**NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS**

PLEASE TAKE NOTICE that pursuant to Rule 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and 28 U.S.C. §§ 1334 and 1452, Plaintiff River Walk Best Living, LLC ("River Walk"), gives notice that all claims and causes of action set forth in the matter captioned as *River Walk Best Living LLC v. YSA Investments 1, LLC*, Case No. SG-2026-CV-001216 filed in the Eighteenth Judicial District, District Court of Sedgwick County, Kansas (the "Lawsuit") are hereby removed from the District Court of Sedgwick County, Kansas to the United States District Court for the District of Kansas. Removal is based on the following:

**BACKGROUND**

1. On or about April 2, 2026, River Walk filed its Petition to Quiet Title and Cancel Instrument against YSA Investments 1, LLC ("Debtor"). A true and correct copy of River Walk's petition is attached as **Exhibit 1** and incorporated by this reference.

2. This dispute arises out of the recording of an instrument titled "Mortgage, Assignment of Leases and Rents, Security Agreement, Financing Statement, and Fixture Filing" (the "Mortgage") with the Register of Deeds of Sedgwick County, Kansas, against real property

owned by River Walk (the "Property"). River Walk contends the Mortgage was recorded without authorization and seeks to quiet title to the Property and cancel the Mortgage. The Debtor holds the Mortgage and the lien it purports to create (together, the "Lien").

3. On May 15, 2026, Debtor filed an Answer, which is attached as **Exhibit 2** and incorporated by this reference.

## THE BANKRUPTCY

4. On July 28, 2026 (the "Petition Date"), Debtor filed its voluntary petition in the Delaware Bankruptcy Court (where venue was later transferred to the Oklahoma Bankruptcy Court for the Western District of Oklahoma) under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Debtor filed its Suggestion of Bankruptcy Filing with the District Court of Sedgwick County, Kansas on August 5, 2026.

5. On October 8, 2026, the United States Bankruptcy Court for the Western District of Oklahoma (the "Oklahoma Bankruptcy Court") entered an Order Approving Appointment of a Chapter 11 Trustee in the Debtor's chapter 11 case, Case No. 26-12806 (SAH) (the "Trustee"). As the representative of the Debtor's estate, the Trustee has authority over property of the estate, including the Mortgage and the Lien.

6. Upon the Petition Date, the Mortgage and the Lien became property of the Debtor's bankruptcy estate under 11 U.S.C. § 541(a)(1), which includes "all legal or equitable interests of the debtor in property as of the commencement of the case." The Lien is an asset of the estate. The Lawsuit seeks to cancel that asset.

## LAWSUIT ACTIVITY

7. On May 18, 2026, Debtor filed a Motion to Stay All Claims pending resolution of other litigation in Delaware. River Walk opposed. On June 23, 2026, the court entered an Agreed

Order withdrawing Debtor's motion to stay. True and correct copies of Debtor's motion, River Walk's Opposition, Debtor's Reply and the Agreed Order are attached as **Exhibits 3-6**. True and correct copies of all other pleadings in the Lawsuit are being filed separately.

## JURISDICTION AND REFERENCE

8. The claims and causes of action that comprise the Lawsuit arise in and/or are related to Debtor's case under the Bankruptcy Code. The district courts therefore have jurisdiction over the Lawsuit under 28 U.S.C. § 1334(b). In addition, under 28 U.S.C. § 1334(e)(1), the district court in which the Debtor's case is pending has exclusive jurisdiction "of all the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate." Because the Lawsuit seeks to cancel the Lien, which is property of the estate, its resolution will directly determine whether the estate keeps or loses that asset.

## BASIS FOR REMOVAL

9. This is a removal of claims and causes of action in a civil action, the Lawsuit, other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power. The Lawsuit is pending in the District Court of Sedgwick County, Kansas, which is located within the District of Kansas. The United States District Court for the District of Kansas has jurisdiction of the removed claims and causes of action under 28 U.S.C. § 1334, as set forth above. Removal of the claims and causes of action to that court is therefore authorized by 28 U.S.C. § 1452(a).

## VENUE

10. Section 1452(a) authorizes removal "to the district court for the district where such civil action is pending," and Bankruptcy Rule 9027(a)(1) requires that a notice of removal be "filed with the clerk for the district and division where the state or federal civil action is pending."

Because the Lawsuit is pending in the District Court of Sedgwick County, Kansas, within the District of Kansas, removal is properly directed to the United States District Court for the District of Kansas, and this Notice is filed with the clerk for that district.

11. Following removal, River Walk intends to move under 28 U.S.C. § 1412 to transfer this proceeding to the Oklahoma Bankruptcy Court, where the Debtor's chapter 11 case, Case No. 26-12806 (SAH), is pending, in the interest of justice and for the convenience of the parties. The Lawsuit seeks to cancel the Lien, which is property of the Debtor's estate, and the district court in which the Debtor's case is pending has exclusive jurisdiction of property of the estate under 28 U.S.C. § 1334(e)(1). River Walk reserves all rights with respect to transfer, venue, and the forum for adjudication of the removed claims and causes of action.

## AUTOMATIC STAY

12. To date, River Walk has not filed a Motion for Relief from the Automatic Stay to continue prosecuting this matter as against Debtor. The Lawsuit is subject to the automatic stay under 11 U.S.C. § 362(a). Nothing in this Notice of Removal shall be construed as a waiver of, or an act in violation of, the automatic stay, and River Walk will not prosecute the removed claims against the Debtor or the estate absent relief from the stay or a stipulation with the Trustee approved by the Court.

## CORE PROCEEDINGS

13. The claims and causes of action removed herein are core proceedings within the meaning of 28 U.S.C. § 157(b). The Lawsuit asks the Court to determine whether the Lien is valid and to cancel it. That is a "determination[] of the validity, extent, or priority of liens" under 28 U.S.C. § 157(b)(2)(K). Because the estate holds the Lien, cancellation would directly reduce the assets available to the estate and its creditors. The Lawsuit is therefore also a proceeding "affecting

the liquidation of the assets of the estate or the adjustment of the debtor-creditor . . . relationship" under 28 U.S.C. § 157(b)(2)(O), and a matter "concerning the administration of the estate" under 28 U.S.C. § 157(b)(2)(A). A proceeding is not non-core "solely on the basis that its resolution may be affected by State law." 28 U.S.C. § 157(b)(3).

## CONSENT

14. Pursuant to Bankruptcy Rule 9027(a)(1)(B), River Walk states that it consents to the bankruptcy court's entry of a final judgment or order, whether by the Kansas Bankruptcy Court or, following transfer, the Oklahoma Bankruptcy Court, on all claims and causes of action removed herein, including to the extent any are determined to be non-core. River Walk anticipates that the Trustee, as the representative of the estate with authority over the Mortgage and the Lien, will consent to the removal of the Lawsuit, to its transfer to the Oklahoma Bankruptcy Court, and to the bankruptcy court's entry of a final judgment or order, and River Walk will file written evidence of that consent promptly upon receipt.

## TIMELINESS OF REMOVAL

15. The Lawsuit was pending when the Debtor's bankruptcy case was commenced. Under Bankruptcy Rule 9027(a)(2), the notice of removal must therefore be filed within the longest of these periods: "(A) 90 days after the order for relief in the bankruptcy case; (B) if the claim or cause of action has been stayed under § 362, 30 days after an order terminating the stay is entered; or (C) in a Chapter 11 case, 30 days after a trustee qualifies—but no later than 180 days after the order for relief." The order for relief was entered on the Petition Date, July 28, 2026. This Notice is timely under Bankruptcy Rule 9027(a)(2)(A) because it is filed on or before October 26, 2026, which is 90 days after the order for relief. Alternatively, this Notice is timely under Bankruptcy

Rule 9027(a)(2)(C) because it is filed within 30 days after the Trustee qualifies and within 180 days after the order for relief (on or before January 24, 2027).

**MISCELLANEOUS REQUIREMENTS**

16. As required by Bankruptcy Rule 9027(a)(1)(C), a copy of all process and pleadings filed in the Lawsuit is attached.

17. River Walk will promptly file a true and correct copy of this Notice of Removal with the clerk of the court from which the claims and causes of action were removed, as required by Bankruptcy Rule 9027(b)(2).

18. River Walk will promptly serve a true and correct copy of this Notice of Removal upon all other parties to the removed claims and causes of action, as required by Bankruptcy Rule 9027(b)(1), and upon the Trustee, counsel for the Debtor, and the United States Trustee.

WHEREFORE, River Walk hereby removes all the claims and causes of action that comprise the Lawsuit now pending in the District Court of Sedgwick County, Kansas to the United States District Court for the District of Kansas.

Respectfully submitted,

*/s/ Nanette Turner Kalcik*

Nanette Turner Kalcik (KS #24030)
STINSON LLP
1625 N. Waterfront Parkway, Suite 300
Wichita, KS 67206
(316) 268-7926
Fax: (316) 265-1349
nanette.kalcik@stinson.com

*Attorneys for Plaintiff River Walk Best Living, LLC*

# CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of October, 2026, I caused the above and foregoing to be electronically filed with the Clerk of the Court by using the CM/ECF system. Additionally, a copy of the foregoing was provided via electronic mail to the attorneys for Defendant:

Todd A. Nelson
GABLEGOTWALS
110 N. Elgin, Suite 200
Tulsa, OK 74120
tnelson@gablelaw.com

David P. Limekiller
(admitted *pro hac vice*)
GABLEGOTWALS
110 N. Elgin, Suite 200
Tulsa, OK 74120
dlimekiller@gablelaw.com

*Attorneys for Defendant*

And:

Mike Deeba mike.d@medeeba.com, Trustee
Christensen, J. Clay clay@christensenlawgroup.com, Trustee's counsel

*/s/ Nanette Turner Kalcik*
Nanette Turner Kalcik